THE ATTORNEY GENERAL
OF TEXAS



WAGGONER CARR
ATTORNEY GENERAL

August 25, 1965

Dr. James E. Peavy
Commissioner of Health
Texas State Department
  of Health
Austin, Texas

Opinion No. C-489

Re: Whether the effect of Senate
Bill 130, codified as Art.
4477-12, Vernon's Civil
Statutes, is to transfer to
the Texas State Department
of Health all responsibilities,
powers, and duties concerning
State Tuberculosis Hospitals
which were previously vested
in the Board for Texas State
Hospitals and Special Schools
and related questions.

Dear Dr. Peavy:

      Your letter of August 5, 1965, requesting an opinion of
this office reads in part as follows:

        "...

      "In view of the above two statutes (Article
4477-12 and Article 3174b, Section 10, Vernon's
Civil Statutes) and the seeming conflict, we would
like a clarification as to who shall approve the
accounts for those hospitals (State Tuberculosis
Hospitals) that have been transferred to the State
Department of Health from the Board for Texas State
Hospitals and Special Schools.

      "Further we need your opinion as to whether
the effect of Senate Bill 130, now codified as
Article 4477-12, V.C.S., was to transfer to the
Texas State Department of Health all responsibilities,
powers, and duties concerning the State Tuberculosis
Hospitals which were previously vested in the Board
for Texas State Hospitals and Special Schools.

      "A further question on which we would ap-
preciate your opinion is whether this transfer
altered the statutory authority previously vested

-2309-

Dr. James E. Peavy, page 2 (C-489)

in specific positions, for example, superintendents and business managers in the hospitals themselves and if it did in any case whether the Commissioner of Health, being the executive head of the Texas State Department of Health, can delegate any authority vested in the Texas State Department of Health to specific hospital or Health Department personnel.

"In summary we would appreciate your opinion regarding the following questions:

"1. Was the effect of Senate Bill 130, now codified as Article 4477-12, V.C.S., to transfer to the Texas State Department of Health all responsibilities, powers, and duties concerning State Tuberculosis Hospitals which were previously vested in the Board for Texas State Hospitals and Special Schools?

"2. Did this transfer alter, amend, or repeal previously existing statutes relating to the hospitals themselves and their personnel?

"3. If the answer to question No. 2 is in the affirmative, does the authority which previously existed in statutes with reference to institutions and institutional personnel now rest with the Texas State Department of Health?

"4. Does the Commissioner of Health, as executive head of the Texas State Department of Health, have the authority to delegate to institutional or other Health Department personnel any authority, power, duties, and responsibilities which are legally vested in the Texas State Department of Health?"

Senate Bill 130, Acts 59th Leg., Regular Session, chapter 51, page 124, provides in part as follows:

"Section 1. From and after September 1, 1965, all tuberculosis hospitals in the custody and control of the State Board for Hospitals and Special Schools shall be transferred to the State Health Department. This transfer is made to unify and consolidate the responsibility and functions of tuberculosis case finding and follow-up with treatment and cure of the disease. From and after September 1, 1965, the custody, control,

maintenance and operation of all tuberculosis hospitals maintained by the State of Texas shall be under the jurisdiction and control of the State Board of Health and all responsibilities, powers and duties concerning the care and treatment of those afflicted with tuberculosis heretofore possessed by the Board for Texas State Hospitals and Special Schools are hereby transferred to the State Health Department, including all powers provided in House Bill No. 421, Acts of the 56th Legislature, Regular Session, 1959, Chapter 181, codified in Vernon's as Article 4477-11, Vernon's Civil Statutes.

"There shall be transferred to the State Health Department from the State Board for Hospitals and Special Schools all equipment, staff, inventory, and perishable stores necessary to insure the continual functioning of all state tuberculosis hospitals without interruption. This transfer shall also include the transfer to the State Health Department of all personnel employed by the Board for Hospitals and Special Schools in its tuberculosis program, authorized salary rates for employment of personnel and all appropriations made to the Texas State Board for Hospitals and Special Schools for the operation of tuberculosis hospitals. This transfer shall be made effective September 1, 1965."

"Sec. 2. The State Board of Health may contract for the support, maintenance, care and treatment of tubercular patients admitted to any facilities under the jurisdiction of the Board and/or for the support, maintenance, care and treatment of tubercular patients under its jurisdiction. Such contract may be between the Board and city, county and state hospitals, private physicians, licensed nursing homes and hospitals and hospital districts, and the State Board of Health may contract for such existing diagnostic and other services available in a community or region as deemed necessary to prevent further spread of tuberculosis. Full development of these essential services needed for the control of tuberculosis is the responsibility of the State Board of Health.

"  . . .

"From and after the effective date of this Act, the Board for Texas State Hospitals and Special

Schools shall not have the authority to contract for the support, maintenance, care and treatment of tubercular patients committed to the State Board of Health. Provided, however, nothing herein shall affect the contractual obligations created by the Board for Texas State Hospitals and Special Schools prior to the effective date of this Act for the support, maintenance, care and treatment of tubercular patients, and all such contractual obligations on behalf of the state created by the Board for Texas State Hospitals and Special Schools prior to the effective date of this Act, pursuant to the provisions of Acts of the 58th Legislature, Regular Session, 1963, Chapter 43, codified in Vernon's as Article 3174b-5, Vernon's Civil Statutes, shall be performed and carried out by the State Board of Health."

" . . .

"Sec. 8. The Commissioner of Health, upon the recommendation of the State Board of Health and with the advice of the Tuberculosis Advisory Committee, shall appoint a Director of the Division of Tuberculosis Services, who shall be a person licensed to practice medicine in this state, with a comprehensive knowledge of tuberculosis control and management, to carry out the provisions of this Act and to perform such other duties as may be imposed upon the State Department of Health, relating to the prevention, control and eradication of the disease of tuberculosis and to the care and treatment of those afflicted with tuberculosis. The Commissioner of Health and the State Board of Health are directed to confer with and seek the advice of the Tuberculosis Advisory Committee hereinafter provided for.

"The Commissioner of Health is hereby authorized to employ such additional personnel as he deems necessary in the performance of his duties concerning the enforcement of the provisions of this Act and relating to the prevention, control and eradication of the disease of tuberculosis."

In answer to your first question it is our opinion that the clear and unambiguous language of Section 1 and 2, Article 4477-12 as quoted above, effectively transfers to the Texas State Department of Health all responsibilities, powers,

and duties concerning State Tuberculosis Hospitals which were previously vested in the Board for Texas State Hospitals and Special Schools.

Article 4477-12 was enacted by the Legislature as Senate Bill No. 130, Acts 59th Legislature, 1965, and, as it appears in the Session Laws, the Act contained no repealing clause. Section 1 of such Article not only transfers custody and control of all state tuberculosis hospitals from the Board for Texas State Hospitals and Special Schools to the State Department of Health, it specifically confers upon the State Department of Health all powers, duties and responsibilities relating to the care and treatment of persons infected with tuberculosis which were possessed by the Board for Texas State Hospitals and Special Schools. In addition, Section 10 of Article 4477-12 provides that its provisions are to be cumulative of the provisions of Article 4477-11 and of all other powers now possessed by the State Department of Health relating to the care and treatment of persons infected with tuberculosis. Therefore in answer to your second question, you are hereby advised that in our opinion existing statutes relating to the various State tuberculosis hospitals and their personnel were repealed by Article 4477-12 only to the extent of any conflict or inconsistency. 53 Tex. Jur.2d 146-148, Statutes § 100 and cases there cited.

In view of our answer to your second question and the clear intent expressed by the Legislature in Section 1 of Article 4477-12 that the State Department of Health be invested with all powers in this area which were previously conferred upon the Board for Texas State Hospitals and Special Schools, in answer to your third question it is our opinion that from and after the effective date of Article 4477-12 the State Department of Health will be vested with all statutory authority previously reposed in the Board for Texas State Hospitals and Special Schools with regard to the subject of State tuberculosis hospitals and the care and treatment of persons infected with such disease.

Section 8 of Article 4477-12, as quoted above, provides that the Commissioner of Health shall appoint a Director of Tuberculosis Services. It is our opinion that the Commissioner of Health is required to delegate to said Director the authority to carry out the provisions of the Act and to perform such other duties as may be imposed upon the State Department of Health regarding the subject matter of the Act. Also, such additional personnel as the Commissioner may deem necessary to enforce the Act may be employed. We would further point out that under Article 4418d, Vernon's Civil Statutes, the Commissioner has the general power to appoint directors of divisions and employees, to designate their duties and supervise their work in relation to the performance of duties.

## S U M M A R Y

(1)  Article 4477-11, Vernon's Civil Statutes, effectively transfers to the Texas State Department of Health all responsibilities, powers, and duties concerning State Tuberculosis Hospitals which were previously vested in the Board for Texas State Hospitals and Special Schools.

(2)  Existing statutes relating to State tuberculosis hospitals and the care and treatment of persons infected with tuberculosis are repealed by Article 4477-12 only to the extent of any conflict or inconsistency.

(3)  The Texas State Department of Health is granted all authority which previously existed with the Board for Texas State Hospitals and Special Schools over State tuberculosis hospitals and personnel employed in the tuberculosis program.

(4)  The Commissioner of Health may delegate authority to carry out provisions of the Act in accordance with Section 8, Article 4477-12 and Article 4418d, Vernon's Civil Statutes.

Very truly yours,

WAGGONER CARR
Attorney General

By:
Gordon Houser
Assistant

GH:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
John Reeves
James Broadhurst
Paul Phy
Kerns Taylor

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright